**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GILBERT ANTHONY BLEA,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0496-D** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN,** | ) | |
| **Respondent.** | ) | **Referred to Magistrate Judge** |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on March 22, 2007, this case has been re-referred to the United States Magistrate Judge to consider Petitioner's objections with respect to his second ground for relief. The supplemental findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Petitioner filed this habeas corpus action to challenge a disciplinary conviction for possession of a weapon, a "shank," which resulted in the loss of thirty days of good-time credits. In his second ground, he alleged a due process violation as a result of being denied two requested witnesses:  (1) the charging officer, who had conducted the cell search and discovered the shank in his mattress, and (2) his ex-cellmate "who would have admitted that [the] weapon belong[ed] to him."  (Petition at 7 ¶ B).

In his objections, filed on September 18, 2006, Petitioner alleges *for the first time* that his ex-cellmate was a key witness and that "the testimony of the ex-cellmate was of vital importance to the Petitioner's defense."  (Objections at 1).  He explains that throughout the disciplinary

proceeding he "steadfastly claimed that the 'knife' was <u>not</u> his and that it belonged to his cellmate." (*Id.* at 1-2). He further explains that "[t]he cellmate who lived in L216 bottom bunk, was willing to come to the disciplinary proceeding and accept the responsibility for having the 'knife.'" (*Id.*).

Before addressing the merits of the above assertion, the Court must revisit Respondent's contention that Petitioner failed to exhaust administrative with respect to ground two. (*See* Findings and Conclusions at 4). A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)-(c). A federal court may not grant habeas corpus relief based on a prison disciplinary case if the petitioner has failed to exhaust all administrative remedies, including any appeal. *Baxter v. Estelle,* 614 F.2d 1030, 1031-32 (5th Cir. 1980) (citing *Lerma v. Estelle,* 585 F.2d 1297, 1299 (5th Cir. 1978) (per curiam) (holding that a Texas prisoner who had not exhausted "his clearly available administrative remedies" was properly denied habeas relief in the district court)); *Johnson v. Quarterman*, 2:06cv307-J, 2007 WL 1187999, *2 (N.D.Tex., 2007), accepting findings and conclusions of magistrate judge (requiring exhaustion of administrative remedies in connection with habeas petition challenging prison disciplinary proceeding); *see also Rourke v. Thompson,* 11 F.3d 47, 49, n. 6 (5th Cir. 1993) (noting that state prisoner must exhaust administrative remedies before filing federal habeas action); *Gartrell v. Gaylor,* 981 F.2d 254, 258, n. 3 (5th Cir. 1993) (per curiam) (state prisoners challenging denial of good time credits must exhaust administrative remedies before seeking federal habeas relief). When challenging disciplinary decisions, state prisoners must exhaust the TDCJ's internal grievance procedure. *See Broussard*

*v. Johnson,* 918 F.Supp. 1040, 1043 (E.D.Tex. 1996) (treating § 1983 action challenging

disciplinary proceeding as a § 2254 proceeding, and noting the petitioner had adequately

exhausted his administrative remedies through grievance procedure).  *See also Johnson v.*

*Johnson,* 385 F.3d 503, 522 (5th Cir. 2004) (outlining the two-step grievance procedure).[1]

While Petitioner exhausted his first claim in ground two (the one relating to his accuser),

he failed to exhaust his second claim in ground two (the one relating to his ex-cellmate's alleged

willingness to testify).  His Step one and Step two grievances, filed respectively on December

11, 2005, and January 5, 2006, challenged only the denial of Petitioner's right to confront and

cross-examine his accuser – i.e., the charging officer.  (*See* Disciplinary Grievance Records at

01-04).  Neither the Step one nor the Step two made reference to Petitioner's ex-cellmate or the

fact that he would have been willing to testify that the weapon belonged to him.[2]

Moreover, contrary to the allegations in his objections, Petitioner at no time during the

disciplinary hearing asserted that his ex-cellmate would have been willing to testify that the

weapon belonged to him.  (*See* Tape of Disciplinary Hearing).  Petitioner's sole defense at the

---

[1]     At the present time, a state petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act.  *Ex parte Palomo,* 759 S.W.2d 671 (Tex.Crim.App. 1988).

[2]     Nor did Petitioner's second-set of grievances mention his ex-cellmate and his alleged willingness to testify that the weapon belonged to him.  The Step one grievance submitted on December 14, 2005, alleged that Petitioner had filed a "life endangerment complaint" on December 6, 2006, against Mr. Villareal, of gang intelligence, for conspiring to place the weapon in the mattress where it was found.  (*Id.* at 05-06).  Petitioner requested that a polygraph of Mr. Villareal be conducted and that his disciplinary action be correct.  In the Step two grievance, filed on December 30, 2005, Petitioner reiterated that Mr. Villareal had conspired to place the weapon in his cell.  (*Id.* at 07-08).  Therefore, this second-set of grievances was also insufficient to exhaust administrative remedies with respect to the second claim in ground 2.

disciplinary hearing focused on the argument that the weapon did not belong to him, and that the weapon was already in the mattress when he picked it up a few days earlier when exchanging his laundry, or that it was placed in the mattress where it was found.  In support of the latter argument, he asserted that the officers and his ex-cellmate had conspired to plant the weapon in his cell.  When questioned as to why he sought to call his ex-cellmate as a witness, although he was not present during the search, Petitioner stated that he wanted to establish his ex-cellmate's motive in placing the weapon in his cell.

In light of Petitioner's failure to mention his ex-cellmate willingness to testify during the disciplinary hearing and the grievance procedure, the Court must conclude that Petitioner failed to exhaust his administrative remedies with respect to the second claim in ground two.  As noted in Respondent's Answer at 6, TDCJ will not consider Petitioner's unexhausted argument at the present time because he was required to raise any claims pertaining to his disciplinary proceeding in a Step 1 grievance within 15 days of his hearing.  *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).  Thus, such a claim is procedurally defaulted absent a showing of cause and prejudice or a fundamental miscarriage of justice.  *See Spann v. Dretke*, 3:03cv2849-D, 2005 WL 1406044, at *2-3 (N.D. Tex. Jun. 15, 2005) (extending applicability of procedural default to habeas cases involving prison disciplinary proceedings), finding and conclusions accepted, 2005 WL 1539270 (N.D. Tex. Jun. 30, 2005); *Jones v. Dretke*, No. 3:03-CV-1638-M, 2004 WL 1348596 (N.D. Tex. June 16, 2004) (same), finding and conclusions accepted, 2004 WL 1882627 (N.D. Tex. Aug. 23, 2004); *see also Moffatt v. Director, TDCJ-CID*, 390 F.Supp.2d 560, 562-63 (E.D. Tex. 2005)(same).

Petitioner has not given any explanation to excuse his default.  Accordingly, his contention that he was denied his ex-cellmate as a witness in violation of his due process rights (second claim in ground two) should be denied as procedurally barred.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's objections be OVERRULED, and that the second claim in ground two of his petition be DENIED and DISMISSED.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 26th day of June, 2007.

_Wm. F. Sanderson, Jr._

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.